## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLIED WORLD INSURANCE CO.**, | : | |
| | : | |
| *Plaintiff* | : | Case No.   20-cv-00469-JMY |
| v. | : | |
| | : | |
| **KENNEY & MCCAFFERTY,** | : | |
| **P.C., ET AL.**, | : | |
| | : | |
| *Defendants* | : | |

### MEMORANDUM

**YOUNGE, J.**                                                                                     **JUNE 1, 2020**

In this declaratory judgment action, John Ferguson has filed a motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b) ("Mot.," ECF No. 23).  For the reasons that follow, Ferguson's Motion will be denied.

## I.      BACKGROUND[1]

This action was filed by Plaintiff Allied World Insurance Company ("Allied World") against Defendants, the law firm of  Kenney & McCafferty, P.C. (the, "Firm"), Brian Kenney, and Linda Stengle (collectively, "Defendants"), to obtain a judicial determination and declaration as to the parties' rights and obligations under a lawyers professional liability policy, which Allied World issued to the Firm.  (*See* "Compl.," ECF No. 1 ¶ 1, Ex. 1.)

In December 2010, Ferguson retained the Firm to represent him in a *qui tam* action.  (*Id.* ¶ 21.)  In March 2011, the Firm was retained by Robert Madsen in relation to another *qui tam* action brought against Bank of America ("BOA").  (*Id.* ¶ 25.)  Around the same time,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Defendants "allegedly conspired with Madsen to 'drop' Ferguson as a client and deprive him of

his status as a co-relator in any litigation against BOA[.]"  (*Id.* ¶ 26.)  Ferguson was allegedly

"unhappy about being excluded as a co-relator from any lawsuit against BOA[.]"  (*Id.* ¶ 28.)

Thereafter, the "U.S. Department of Justice settled" the BOA action, and "Madsen, as a relator,

recovered $56 million in the settlement with BOA."  (*Id.* ¶¶ 37-38.)  "Ferguson alleges that he is

entitled to a share of Madsen's award . . . but has not received the payment that he is allegedly

owed."  (*Id.* ¶ 41.)

Accordingly, in March 2015, Ferguson filed an action against Defendants in "the Court

of Common Pleas of Montgomery County," asserting, among other claims, legal malpractice.

(Mot. at 2; Compl. ¶¶ 42-45, Ex. 2.)  In February 2015, "the Firm provided notice to Allied

World of a potential claim by Ferguson.  Allied World agreed to defend the Firm, Kenney, and

Stengle with respect to the Ferguson [d]emand subject to a full reservation of Allied World's

rights."  (Compl. ¶¶ 57-58.)  Defendants Kenney and the Firm settled with Ferguson in February

2016, and the claims asserted against Stengle are still pending.  (*Id.* ¶ 43.)

Allied World filed the above-captioned action for declaratory relief in this Court on

January 27, 2020.  (*See generally* Compl.)  Defendant Stengle filed an answer on March 13,

2020 (*see* ECF No. 11), Defendants Kenney and the Firm filed their Answer to the Complaint

and Counterclaims on April 6, 2020 (*see* ECF No. 14), and an initial pretrial conference was held

shortly thereafter (*see* ECF No. 29).  On May 11, 2020, "based on his significant interests in this

litigation" (*e.g.*, "Ferguson was represented by Defendant Stengle in connection with the BOA

[*qui tam*] action") "and because none of the currently named parties adequately represent his

interests in this proceeding[,]" Ferguson filed the instant Motion.  (Mot. at 3.)  Both Allied

World and Stengle filed responses in opposition on May 20, 2020 ("Stengle Opp.," ECF No. 26;

2

"Allied Opp.," ECF No. 27), and Kenney and the Firm filed a non-opposition response on May

26, 2020 ("Kenney Opp.," ECF No. 30).  In sum, Ferguson seeks to intervene as a defendant in

this action to protect what the Court has determined is a financial interest in the Firm's

professional liability insurance policy issued by Allied World.

## II.      DISCUSSION

### A.      *Intervention as of Right*

A non-party is permitted to intervene as of right under Federal Rule of Civil Procedure

24(a)(2) if:

> (1) the application for intervention is timely; (2) the applicant has a
> sufficient interest in the litigation; (3) the interest may be affected
> or impaired, as a practical matter by the disposition of the action;
> and (4) the interest is not adequately represented by an existing
> party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir.

1995) (citing *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).  "Each of these requirements

must be met to intervene as of right."  *Id.*

Allied World and Stengle both concede that Ferguson's motion is timely, but argue that

Ferguson does not satisfy Rule 24(a)(2)'s "sufficient interest" requirement.  (Allied Opp. at 5;

Stengle Opp. at 3.)[2]  This Court agrees with Allied World and Stengle because the Third Circuit

Court of Appeals defines "sufficient interest" narrowly for purposes of Rule 24(a)(2).  "In

general, a mere economic interest in the outcome of the litigation is insufficient to support a

---

[2] Allied World also advances arguments relating to the remaining two elements.  (*See* Allied Opp. at 8-12.) However, because the Court finds that Ferguson fails to establish a "sufficient interest" in the matter, the Court need not address the remaining elements necessary for  intervention as of right.  *See, e.g., In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 475 (D.N.J. 2012) ("Failure to satisfy any one of these requirements is a sufficient ground to deny the application.") (internal quotation marks and citation omitted); *see also Sch. Dist. of Phila. v. Pa. Milk Marketing Bd.*, 160 F.R.D. 66, 68 (E.D. Pa. 1995) ("Because we find that [the proposed intervenor] has not demonstrated the first element of the test for intervention as of right, we need not examine the other elements of the test.").

motion to intervene.  Thus, the mere fact that a lawsuit may impede a third party's ability to

recover in a separate suit ordinarily does not give the third party a right to intervene." *Mountain

Top*, 72 F.3d at 366; *see also United States v. Alcan Aluminum*, 25 F.3d 1174, 1185 (3d Cir.

1994) ("Some courts have stated that a purely economic interest is insufficient to support a

motion to intervene.").  In *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, the Third Circuit affirmed a

district court's denial of intervention to injured parties in an insurance coverage declaratory

judgment action between an insured and its insurer.  *Treesdale*, 419 F.3d 216, 220 (3d Cir.

2005).  Specifically, the *Treesdale* Court held that asbestos victims seeking to intervene in a

declaratory judgment action filed against an asbestos manufacturer by its insurer did not have a

"sufficient interest" in the manufacturer's policies to justify intervention as of right.  *Id*. at 222.

The proposed intervenors had "no property interest" in the policies, but rather, "the kind of

economic interest in the insurance proceeds that we have held does not support intervention as a

matter of right."  *Id*.  Thus, *Treesdale* stands for the proposition that "an injured party is not

entitled to intervene as a matter of right under Rule 24(a) in a declaratory judgment action over

an insurance policy."  *State Farm Fire & Cas. Co. v. Spector*, No. 15-6752, 2016 WL 8668295,

at * 5 (E.D. Pa. Nov. 4, 2016); *see also Atain Ins. Co. v. Lesser*, No. 19-5346, 2020 WL 919698,

at *1 (E.D. Pa. Feb. 25, 2020).

　　　　Here, Ferguson argues that "[t]his matter concerns, among other things, the nature of the

professional relationship between Ferguson and Stengle with respect to the BOA Action . . .

Therefore, Ferguson has a sufficient interest in this litigation, because a determination here

regarding the nature of Ferguson's relationship with Stengle presents a threat to Ferguson's

ability to seek discovery in the [u]nderlying [l]itigation[.]"  (Mot. at 6.)  In this Court's view,

Ferguson has not satisfied his burden of showing that any potential *stare decisis* impact of this

Court's decision, as to the professional relationship between Ferguson and Stengle, gives rise to

a legally sufficient interest to warrant intervention as of right.  *See, e.g., Wayne Land & Mineral*

*Grp., LLC v. Del. River Basin Comm'n*, 331 F.R.D. 583, 601 (M.D. Pa. 2019), *vacated on other*

*grounds* ___F.3d ___,  2020 WL 2530823, at *3 (3d Cir. 2020) ("[The] *stare decisis*

consideration relates to the 'tangible threat' factor of the determination and a potential *stare*

*decisis* effect is not itself a cognizable legal interest—it is the threat to an underlying right that

gives rise to a *stare decisis* claim."); *see also Treesdale*, 419 F.3d at 226-27 (noting that the

proposed intervenors *stare decisis* argument "fails to recognize that the 'interest element' and the

'impairment element' are separate and distinct aspects of our intervention as of right inquiry. We

examine the impairment element only after the applicant for intervention as of right has shown a

protectable legal interest") (internal quotation marks and citation omitted).  Ferguson has not

demonstrated that the Court's ruling in this matter will impact his ability to prosecute his claim

in the underlying litigation.  Moreover, the state court judge presiding over the underlying

litigation will effectively determine the scope of discovery that the parties are permitted to take.

Thus, the Court finds that the interest that Ferguson truly seeks to protect here is precisely the

kind of economic interest the Third Circuit has held does not justify intervention under Rule

24(a)(2).  *See Treesdale*, 419 F.3d at 222; *see also Mountain Top*, 72 F.3d at 366 ("[T]he mere

fact that a lawsuit may impede a third party's ability to recover in a separate suit" is an

insufficient basis for intervention.); *see also State Farm*, at *5 (in a declaratory judgment action,

holding that non-party's "potential inability to recover in a separate lawsuit pending in state

court" does not qualify as "an interest in the policy and an interest in the declaratory judgment

action" for purposes of Rule 24).

Because Ferguson has failed to meet Rule 24(a)(2)'s "sufficient interest" requirement,

Ferguson's request for intervention as of right shall be denied.

        B.     *Permissive Intervention*

Federal Rule of Civil Procedure 24(b) provides for permissive intervention "when an

applicant's claim or defense and the main action have a question of law or fact in common."

Fed. R. Civ. P. 24(b)(1)(B).  Granting permissive intervention is discretionary.  *See U.S. v. Terr.*

*of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (recognizing that the decision as to whether

to grant permissive intervention is "highly discretionary").  However, "where a proposed

intervenor has only a contingent financial interest in a declaratory judgment action to establish

insurance coverage, he/she cannot accurately claim that there are common questions of law or

fact between the coverage dispute and actions to determine liability for injuries [the insured] may

have caused." *Treesdale*, 419 F.3d at 228.  In fact, the *Treesdale* Court explained that an

asbestos victim's interest in "whether an asbestos claimant in a suit against the [asbestos

manufacturer] may recover on that claim" did not constitute a common question of law or fact

with the insurer's declaratory judgment action, since that "action turn[ed] on the interpretation of

the contracts of insurance" while the victims' claims turned on whether the manufacturer had

caused their injuries. *Id.* at 227-28.

        Here, Ferguson asserts that he is entitled to permissive intervention "[f]or the same

reasons" entitling him to intervention as of right.  (Mot. at 7.)  However, as noted *supra*,

Ferguson is not entitled to intervention as of right—thus, neither is he entitled to permissive

intervention.  While Ferguson may have a financial interest in the outcome of this action between

Allied World and Defendants, this litigation turns on the interpretation of the parties' insurance

policy, while Ferguson's state court action against Defendants "involve[s] an examination of

Defendant Stengle's . . . liability for Ferguson's alleged injuries based on various tort claims and

claims for breach of a legal representation agreement[.]"  (Allied Opp. at 27.)  Because there is

no common question of law or fact between this declaratory judgment action and Ferguson's

state court action for damages, Ferguson's request for permissive intervention shall also be

denied.  *See Treesdale*, 419 F.3d at 228.[3]

## III.    CONCLUSION

For the foregoing reasons, Ferguson's motion to intervene as a matter of right or, in the

alternative, to permissively intervene in this action, will be denied.  An appropriate Order

follows.


**IT IS SO ORDERED.**


BY THE COURT:

/s/ John Milton Younge

**Judge John Milton Younge**

---

[3] The Court also notes that even if there were a common question of law or fact, the Court would exercise its sound discretion to deny permissive intervention as Ferguson would add "unnecessary complexity to this litigation, [which] far outweighs any advantage to allow[ing] intervention."  *Aetna Inc. v. Insys Therapeutics, Inc.*, 330 F.R.D. 427, 435 n.45 (E.D. Pa. 2019) ("[T]he court . . . may deny intervention if the complicating effect of the additional issues outweighs any advantage of a single disposition of the common issue.") (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1913 (3d ed. 2017)).